UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| FELIPE GARCIA,<br><br>Petitioner,<br><br>v.<br><br>R. SUBIA, Warden,<br><br>Respondent. | Civil No.   07cv1337-L (LSP)<br><br>**ORDER:**<br><br>**(1) DENYING IN FORMA PAUPERIS APPLICATION;**<br><br>**(2) DISMISSING CASE WITHOUT PREJUDICE; AND**<br><br>**(3) NOTIFYING PETITIONER OF OPTIONS TO AVOID FUTURE DISMISSAL** |
|---|---|

Petitioner, a state prisoner proceeding pro se, has not paid the $5.00 filing fee and has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He has also filed a request to proceed in forma pauperis which reflects a $10.00 balance in his prison trust account. The filing fee associated with this type of action is $5.00. See 28 U.S.C. § 1914(a).

It appears Petitioner can pay the requisite filing fee. Accordingly, the Court **DENIES** the request to proceed in forma pauperis, and **DISMISSES** the case without prejudice; Petitioner may submit a copy of this order along with the requisite fee no later than **August 30, 2007**, to have the case reopened.

In addition, the Court notes that the Petition is subject to dismissal due to Petitioner's failure to allege exhaustion of state court remedies as to all claims presented. The Court hereby

notifies Petitioner of the possible dismissal of his Petition even if he satisfies the filing fee requirement.

The exhaustion requirement is satisfied by providing the state courts with a "fair opportunity" to rule on Petitioner's constitutional claims. Anderson v. Harless, 459 U.S. 4, 6 (1982). In most instances, a claim is exhausted once it is presented to a state's highest court, either on direct appeal or through state collateral proceedings.[1] See Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002). The constitutional claim raised in the federal proceedings must be the same as that raised in the state proceedings. See Anderson, 459 U.S. at 6.

Here, although Petitioner indicates that he has presented claims 1-4 to the state supreme court, he indicates that he has not presented claim 6 to that court, and the Petition is ambiguous as to whether he has presented claims 5 and 7 to the state supreme court. (See Pet. at 6-43.)

## PETITIONER'S OPTIONS

To avoid the Court dismissing the Petition on its own accord after Petitioner has satisfied the filing fee requirement, Petitioner may choose one of the following options.

**i) First Option: Demonstrate Exhaustion**

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claims he has failed to specifically allege he had presented to the state supreme court. If Petitioner chooses this option, his papers are due no later than **August 30, 2007**. Respondent may file a reply by **September 17, 2007**.

**ii) Second Option: Voluntarily Dismiss the Petition**

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal petition containing only exhausted claims. See Rose v. Lundy, 455 U.S. 509, 510, 520-21 (1982) (stating

---

[1] 28 U.S.C. § 2254 (b)(1)-(2) states:
(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
  (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims"). If Petitioner chooses this second option, he must file a pleading with this Court no later than **August 30, 2007**. Respondent may file a reply by **September 17, 2007**.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. <u>Duncan v. Walker</u>, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[2] Filing a petition in federal court does not stop the statute of limitations from running. <u>Id.</u> at 181-82; <u>Frye v. Hickman</u>, 273 F.3d 1144, 1145-46 (9th Cir. 2001); 28 U.S.C. § 2244(d).

### iii) Third Option: Formally Abandon Unexhausted Claims

Petitioner may formally abandon any unexhausted claims in the Petition and proceed with his exhausted claims. <u>See</u> <u>Rose</u>, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this third option, he must file a pleading with this Court no later than **August 30, 2007**. Respondent may file a reply by **September 17, 2007**.

Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise them in federal court. <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 488 (2000)

///

---

[2] 28 U.S.C. § 2244 (d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

(stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); see also 28 U.S.C. § 2244 (a)-(b).[3]

### iv) Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may move to stay this federal proceeding while he returns to state court to exhaust his unexhausted claims. See Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) (interpreting Rhines v. Weber, 544 U.S. 269 (2005) as permitting a district court to stay a mixed petition while the petitioner returns to state court); Valerio v. Crawford, 306 F.3d. 742, 770-71 (9th Cir. 2002) (en banc); Calderon v. United States Dist. Ct. for the N. Dist. of Cal., 134 F.3d 981, 986-88 (9th Cir. 1998). If Petitioner chooses this fourth option, he must file a pleading with this Court no later than **August 30, 2007**. Respondent may file a reply by **September 17, 2007**.

### CONCLUSION

Petitioner's Motion to Proceed In Forma Pauperis is **DENIED** and this action is **DISMISSED** without prejudice for failing to satisfy the filing fee requirement. Petitioner may submit a copy of this order along with the requisite fee no later than **August 30, 2007**, to have the case reopened. To the extent Petitioner has filed a Petition that contains both exhausted and

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[3] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:
    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

unexhausted claims, the Court **NOTIFIES PETITIONER THAT IT IS SUBJECT TO DISMISSAL ON THAT BASIS**. If Petitioner goes on to satisfy the filing fee but fails to respond to the options provided in this Order, he is notified that the Petition is subject to dismissal without prejudice irrespective of whether he satisfies the filing fee requirement.[4] See Rose, 455 U.S. at 522.

**IT IS SO ORDERED.**

DATED: July 31, 2007

_____
M. James Lorenz
United States District Court Judge

CC:   ALL PARTIES

---

[4] Although the dismissal is "without prejudice," Petitioner is again cautioned that any later federal petition may be barred by the statute of limitations. See 28 U.S.C. § 2244(d)(1)-(2); see also footnote two of this Order.